UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

*In re*: Vernon A. Nelson
Attorney at Law, Bar No. 6434

Case No. 2:21-cv-00370-MMD

ORDER OF SUSPENSION

**I.   SUMMARY**

This is an attorney discipline matter. Before the Court is Vernon A. Nelson's response to the Court's Order to Show Cause ("OSC") why he should not be suspended from practice before this Court following the Order Approving Modified Conditional Guilty Plea Agreement filed by the Nevada Supreme Court ("NSC") on January 15, 2021. (ECF Nos. 1 (OSC), 4 (the "Response").) As further explained below, the Court will suspend Mr. Nelson from practice before this Court because this Court has neither the obligation, resources, nor inclination to monitor Mr. Nelson's compliance with the probationary conditions the NSC imposed on him. However, Mr. Nelson may file a petition for reinstatement once he has fully discharged those conditions and can produce a certificate of good standing from the NSC reflecting the same.

**II.   BACKGROUND**

Mr. Nelson was suspended by the NSC following his conditional guilty plea to a charge that he violated RPC(s) 1.2, 1.3, 1.4, 1.5, 3.4, 5.4, and 8.4. (ECF No. 1 at 6.) While Mr. Nelson's suspension was stayed, he is currently subject to several probationary conditions imposed by the NSC running for one year from January 15, 2021. (*Id.* at 6, 8-9.) The NSC requires that Mr. Nelson complete additional continuing legal education hours and limit his practice by not taking any cases in the area of consumer credit. (*Id.* at 8-9.)

This Court issued the OSC as to why Mr. Nelson should not be suspended from practice in this Court on February 4, 2021. (ECF No. 1.) Mr. Nelson timely filed his Response on March 4, 2021. (ECF No. 4.) In his Response, Mr. Nelson argues that this Court should allow him to continue practicing before it because he is still allowed to practice law before the Nevada state courts by virtue of his suspension having been stayed. (*Id.* at 2.)

**III.     DISCUSSION**

This Court imposes reciprocal discipline on a member of its bar when that person is suspended or otherwise disciplined by a state court unless it determines that the state's disciplinary adjudication was improper. *See In re Kramer*, 282 F.3d 721, 724 (9th Cir. 2002). Specifically, the Court will only decline to impose reciprocal discipline if the attorney subject to discipline presents clear and convincing evidence that:

> (A) the procedure in the other jurisdiction was so lacking in notice or opportunity to be heard as to constitute a deprivation of due process; (B) there was such an infirmity of proof establishing the misconduct as to give rise to a clear conviction that the court should not accept as final the other jurisdiction's conclusion(s) on that subject; (C) imposition of like discipline would result in a grave injustice; or (D) other substantial reasons justify not accepting the other jurisdiction's conclusion(s).

LR IA 11-7(e)(3); *see also In re Kramer*, 282 F.3d at 724-25 (stating that the attorney bears the burden by clear and convincing evidence).

The Court will suspend Mr. Nelson from practice before this Court because the NSC's disciplinary adjudication regarding Mr. Nelson following his conditional guilty plea appears to have been proper, and he presents no clear and convincing evidence to the contrary. Procedurally, Mr. Nelson did not submit a certified copy of the entire record from the NSC or present any argument as to why less than the entire record will suffice. *See* LR IA 11-7(e)(3). Substantively, while Mr. Nelson does appear to be allowed to practice in the Nevada state courts, he is also currently subject to probationary conditions that this Court has neither the obligation, resources, nor inclination to monitor. (ECF Nos. 1 at 8-9, 4 at 2.) And the Court sees no substantial reasons not to suspend Mr. Nelson based

on its review of the record. *See* LR IA 11-7(e)(3). The Court will therefore suspend Mr. Nelson.

That said, Mr. Nelson is free to petition the Court for reinstatement under LR IA 11-7(i) assuming he is able to successfully complete his term of probation with the NSC. Any petition for reinstatement should not be filed until Mr. Nelson has successfully discharged each and every probationary condition imposed on him by the NSC, and he is able to present both a certificate of good standing from the NSC and evidence sufficient to establish that his practice in the Nevada state courts is fully unencumbered by any probationary or other conditions stemming from his conditional guilty plea or any other discipline imposed on him by the NSC.

**IV.     CONCLUSION**

It is therefore ordered that Vernon A. Nelson, Bar No. 6434, is hereby suspended from practice in the United States District Court for the District of Nevada.

DATED THIS 29th Day of March 2021.

MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE